PLASTERER ET AL. *v.* CROSS ET AL.

*Injunction—Unfair competition—Similarity of appearance of packages.*

An injunction will be granted restraining the defendant from placing on the market a product similar to that being marketed by the plaintiff, in packages similar in size to those sold by plaintiff, the wrappers and labels being of the same color and design and the packages so nearly like those containing plaintiff's product as to deceive or mislead the average purchaser using ordinary care, where defendant's product is used for the same purposes as plaintiff's and the package is of such similar appearance that it could not have been adopted except with intent to deceive prospective purchasers and promote the product's sale.

(Decided December 18, 1922.)

APPEAL: Court of Appeals for Butler county.

*Mr. Frank W. Krehbiel; Mr. Edward L. Reed* and *Mr. Harry S. Wonnell,* for plaintiffs.
*Messrs. Bickley & Bickley,* for defendants.

BUCHWALTER, J. This is an action for injunction, accounting, etc., because of what is claimed to be unfair competition on the part of the defendants in the sale of a certain cement for patching cloth, and it comes to this court on appeal from the court of common pleas of Butler county.

The plaintiffs are the owners and manufacturers of a cement which they have placed on the market, known as "Darn-E-Z." This cement is contained in a tube covered with blue labels or wrappers, upon which is printed in an oval the partial

figure of a woman, holding some stockings. This oval design also contained the words "Darn-E-Z."

The plaintiffs have advertised this product, placed it on the market, and contend that they have developed a profitable business.

Verne O. Cross, one of the defendants, acted as one of plaintiffs' agents for the sale of this product, and during such time produced and began to advertise and sell a similar product, which was called "Patch-E-Z," and later was designated as "Patch-Kwick." Both "Patch-E-Z" and "Patch-Kwick" were contained in tubes of similar size to those sold by plaintiffs. The wrapper and label were of the same color; the oval space was the same size; the picture or illustration was the partial figure of a woman holding a piece of cloth, and contained the words "Patch-E-Z" or "Patch-Kwick." The printed matter both on the front and rear of the label is very similar both in context and appearance.

An examination of these tubes or packages and a comparison shows them to be so nearly alike as to deceive or mislead the average purchaser, using ordinary caution.

We do not comment on the various authorities cited, as the principles of unfair competition have been so often stated that a discussion of them herein is not necessary.

The question of unfair competition has to be decided from the circumstances in each case. This case presents a product, sold by the defendants, which is used for the same purposes as that of plaintiffs. The color, general design, oval, picture, and printed matter on the wrapper are so similar that they could not have been adopted except with

intent to deceive or mislead prospective pur-
chasers, and to promote the sale of this product to
those who might believe it was the cement known
and advertised as "Darn-E-Z."

It is claimed by the defendants that the wrap-
pers and designs now used and identified in this
case as Exhibits F and G are not similar to those
of "Darn-E-Z," in that the tubes are painted in-
stead of being covered with a paper wrapper;
that the color is a different shade of blue; that
the printed matter is not quite the same; and that
the oval is smaller.

From an examination of these packages, to-wit,
Exhibits F and G, it appears that their general
appearance is so similar to the package contain-
ing "Darn-E-Z" cement as to mislead the average
purchaser.

It is also contended that as no decision was ren-
dered by the court of common pleas as to whether
or not there was unfair competition in the use of
the packages, such as Exhibits F and G, this mat-
ter is not before this court. Suffice to say, this
cause has been appealed, and the entire case is
therefore before us for consideration and deter-
mination.

An accounting has been asked, and a statement
filed by the defendants in this court, which we
believe to be substantially correct. To appoint
a master and endeavor to secure a proper audit,
where no adequate record has been kept, would
only result in more expenditure than we believe
the result would warrant.

The cross-petition of Verne O. Cross, seeking

damages for a rescission of his contract with the plaintiffs, is not sustained by the evidence.

We shall allow as damages to plaintiffs the sum of $500.

The injunction will be granted against placing the cement known as ''Patch-E-Z'' and ''Patch-Kwick'' on the market in packages such as were originally used, and known as Exhibits 7 and 8; and also against the use of the words ''Patch-E-Z'' and ''Patch-Kwick,'' and the oval design on the packages, which are designated as Exhibits F and G.

*Injunction allowed.*

HAMILTON, P. J., and CUSHING, J., concur.